Stewart Pollock (SBN 301356)
spollock@edelson.com
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9495

Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Courtney C. Booth (Admitted *Pro Hac Vice*)
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Holt and the Putative Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINE HOLT, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | CASE NO.: 3:16-cv-02266-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Jon S. Tigar |

Pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Christine Holt ("Plaintiff") and Defendant Facebook, Inc. ("Facebook" or "Defendant"), by and through their undersigned counsel, submit this Joint Case Management Statement in advance of the presently-scheduled October 26, 2016 Case Management Conference.

1. **Jurisdiction and Service**

This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute. There are no issues with personal jurisdiction or venue at this time, nor are there any issues with service of process.

2. **Facts**

    A. **Plaintiff's Statement**

This Court Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and California's Unfair Competition Law, Cal Bus. & Prof. Code §§ 17200, *et seq.*, ("UCL"), through its practice of sending unsolicited text message calls to consumers' phones utilizing an automatic dialing system. Specifically, Plaintiff alleges that Defendant sent numerous unsolicited, generic text messages to thousands of cellular telephone numbers requesting that they interact with its social media platform (which will result in promotion of its services and a financial benefit to Facebook) all without the consent of the recipients and after the recipients requested that the text messages stop. As a result of this conduct, Plaintiff brought the instant action on behalf of herself and two Classes of similarly situated individuals, defined as:

> **No Consent Class**: All persons in the United States who: (1) received a text message call initiated by Defendant; (2) at his or her cellular telephone number; and (3) for which Defendant did not have any current record of prior express consent from him or her to place such text message calls at the time the text message calls were placed.

> **Stop Text Class**: All persons in the United States who: (1) received a text message call initiated by Defendant; (2) at his or her cellular telephone number; (3) *after* making an express request to Facebook for the text messages to cease, other than a final one-time confirmation text message confirming the recipient's desire to not receive such messages.

Factual issues in this case include, but are not limited to, (a) whether Plaintiff and the members of the Classes received the text messages at issue; (b) whether Plaintiff and the members of the Classes gave prior express consent to receive those text messages; (c) whether Defendant honored individuals' requests to no longer receive the text messages; (d) whether Defendant used an automatic telephone dialing system to send the text messages; and (e) whether Plaintiff and the members of the Classes were injured by Defendant's conduct.

**B.      Defendant's Statement**

Plaintiff alleges that she received "status update" text messages that she did not request on her cellular phone.  These messages provided information about a Facebook account associated with her phone number. Plaintiff claims these text messages violated the TCPA because they were allegedly sent on an automatic telephone dialing system, and Plaintiff allegedly did not consent to receive such messages. Plaintiff also claims that sending the text messages violated California's Unfair Competition Law. Plaintiff purports to bring her claims on behalf of a class of persons who did not provide consent to Facebook and purportedly received one or more text messages on their cellular phones, as well as on behalf of a class of persons who purportedly received text messages on their cellular phones after those persons had notified Facebook that they no longer wished to receive text messages and received a confirmation to that effect.

**3.      Legal Issues**

**A.      Plaintiff's Statement**

Plaintiff identifies the following non-exhaustive list of legal issues: (a) whether Defendant sent the text messages at issue using an automatic telephone dialing system; (b) whether Plaintiff and the members of the Classes provided consent to receive the text messages at issue; (c) whether Defendant maintains records of prior express consent to place the text messages it sent to consumers; (d) whether Defendant maintains records of individuals who request to no longer receive text messages; (e) whether Defendant continued to send messages after receiving a request that the text messages cease; (f) whether the TCPA violates the First Amendment; (g) whether Defendant's conduct constitutes unfair and unlawful business practices, as defined by the UCL; and (h) whether Plaintiff and the Class members are entitled to statutory and treble damages based on the willfulness of Defendant's conduct.

**B.      Defendant's Statement**

Defendant identifies the following non-exhaustive list of legal issues: (a) whether class certification is appropriate on Plaintiff's claims; (b) whether Defendant made a "call" within the meaning of the TCPA; (c) whether Defendant made a "call" using an ATDS as defined by the TCPA; (d) whether the TCPA violates the First Amendment on its face; (e) whether the TCPA

violates the First Amendment as applied to the status update text messages at issue; (f) whether Plaintiff has Article III standing to bring her TCPA claim; (g) whether Defendant is liable of damages, and the amount of such damages; (h) whether equitable relief is appropriate; and (i) whether injunctive relief is appropriate.

**4.    Motions**

Defendant's motion to dismiss Plaintiff's First Amended Complaint is fully briefed and oral argument is presently scheduled for October 25, 2016. Should the United States intervene to defend the constitutionality of the TCPA as it did in the related action *Duguid v. Facebook*, No. 15-cv-00985-JST and in *Brickman v. Facebook*, No. 4:16-cv-00751-TEH, Defendant will file a motion requesting leave to respond and asking the Court to reschedule the hearing on the motion to dismiss and the case management conference. After discovery, Plaintiff anticipates filing a motion for class certification and a motion for summary judgment. Should the motion to dismiss be denied and discovery become necessary, Defendant anticipates filing a motion for summary judgment.

**5.    Amendment of Pleadings**

Plaintiff does not anticipate adding or dismissing any parties or claims, but proposes that the deadline to amend the pleadings is November 25, 2016. In light of this Court's order in the related case *Duguid v. Facebook*, No. 15-cv-00985-JST and Plaintiff's prior opportunity to amend, Defendant does not believe that a further amendment should be allowed. At this time, Defendant does not anticipate adding additional parties. Defendant reserves the right to assert affirmative defenses at the appropriate time.

**6.    Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues evident in this action.

**7.    Disclosures**

Plaintiff proposes that the Parties exchange initial disclosures on November 9, 2016. Defendant proposes that the Parties exchange initial disclosures thirty days after a ruling denying Defendant's motion to dismiss.

**8.**   **Discovery**

    **A.**    **Discovery Taken To Date**

    The Parties have not taken any discovery to date.

    **B.**    **Scope of Anticipated Discovery**

    **Plaintiff's Statement:**

    Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (1) the total number and identity of individuals to whom Defendant and/or its agents sent the allegedly offending text messages; (2) the total number of text messages Defendant and/or its agents placed to those individuals; (3) the methods by which Defendant and/or its agents obtained the telephone numbers called; (4) the equipment Defendant and/or its agents used to send the text messages; (5) any records of consent to send the text messages that Defendant and/or its agents maintain; (6) any records of individuals' requests to no longer receive text messages from Defendant; (7) any policies or procedures maintained by Defendant and/or its agents related to the sending of text messages; (8) any policies and procedures maintained by Defendant and/or its agents related to the recycling of telephone numbers; and (9) contracts and communications exchanged between Defendant and its agents related to the practice of sending text messages.

    **Defendant's Statement:**

    Defendant's discovery will concern issues relevant to class certification, including, inter alia, unnamed class members' consent and/or revocation of consent and relationship with Defendant. Defendant's discovery may also concern Plaintiff's standing, the chilling effect of the TCPA on speech, the availability of alternative mechanisms for restricting unwanted calls, and the legitimacy of the government's privacy interest and whether that interest supports restricting status update text messages.

    **C.**    **Proposed Limitations or Modifications of the Discovery Rules**

    The Parties do not currently propose any limitations or modifications of the discovery rules.

    **D.**    **Consideration of Stipulated E-Discovery Order**

    The Parties are presently engaged in discussions to develop a mutually acceptable ESI production protocol. Plaintiff has agreed to provide Defendant a proposed electronically stored

information ("ESI") protocol governing: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced; (3) the formats for preservation and production of ESI; (4) the protection of confidential and proprietary information; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; (6) the designation and roles of ESI liaisons, and (7) any other relevant ESI issues that may arise.

### E.     Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

*See* Section 17, below.

### F.     Discovery Disputes

The Parties disagree as to when discovery should begin, as evidenced in Section 17, below.

## 9.     Class Actions

### A.     Plaintiff's Statement

This action is a putative class action. Plaintiff asserts this matter is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) and (3) and seeks relief on behalf of the No Consent Class and Stop Text Class, as defined above. Plaintiff intends on moving for class certification after appropriate discovery and has proposed July 26, 2017 as her deadline to file a motion for class certification. Future developments in the case (e.g., motion practice, joinder of additional parties, and discovery) may require that Plaintiff modify her Class definitions and/or that the date for filing a class certification motion be changed.

### B.     Defendant's Statement

Defendant's position is that class certification is inappropriate in this case for numerous reasons, including that as defined the classes are not ascertainable and whether class members provided consent or revoked that consent, and whether class members have suffered cognizable injury, are individual issues that would overwhelm any common issues. Any scheduling relating to class certification briefing or discovery is premature at this stage, given the pending motion to dismiss and notification to the United States of the challenge to the TCPA's constitutionality.  *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after

it."), *cert. denied sub nom. Mujica v. Occidental Petroleum Corp.*, 136 S. Ct. 690 (2015); *Gerritsen v. Warner Bros. Entm't Inc.*, No. CV1403305MMMCWX, 2015 WL 4570081, at *2 (C.D. Cal. Mar. 2, 2015) ("Under controlling Ninth Circuit precedent, the court lacks discretion to permit . . . discovery until defendants answer or [the court] has determined that [plaintiff] has stated plausible claims for relief by denying a Rule 12(b)(6) motion.").

**10.   Related Cases**

The matter captioned *Duguid v. Facebook, Inc.*, No. 15-cv-00985-JST is a related case pending before this Court. Defendant previously filed an administrative motion to relate *Brickman v. Facebook, Inc.*, No. 4:16-cv-00751, to the *Duguid* action, but that motion was denied by this Court. Defendant respectfully maintains that the *Brickman* action raises similar questions and issues.

**11.   Relief**

**A.   Plaintiff's Statement**

Plaintiff seeks the following relief: (a) an order certifying the Classes as defined above, appointing Plaintiff Christine Holt as the representative of the Classes, and appointing her counsel as Class Counsel; (b) an award of actual and statutory damages;[1] (c) an order declaring that Defendant's actions, as set out above, violate the TCPA; (d) a declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA; (e) an order declaring that Defendant's actions, as set out above, violate the UCL; (f) an order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices; (g) an order requiring Defendant to pay restitution for the money and property lost as a result of its unlawful telephone calling practices; (h) an order requiring Defendant to identify any third party involved in the text messaging activities as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties; (i) an injunction requiring Defendant to cease all unsolicited text message activities and otherwise protecting the interests of the Classes; (j) an injunction prohibiting Defendant from using, or contracting the use of, an automatic

---

[1]     For her TCPA claim, Plaintiff seeks, on behalf of herself and the Classes, a minimum of $500 in damages for each violation of the TCPA, or treble the amount of statutory damages if the Court determines Defendant's conduct was willful or knowing. 47 U.S.C. § 223(b)(3)(B), (C).

telephone dialing system without obtaining and maintaining records of call recipients' prior express consent to receive calls made with such equipment; (k) an injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA; (l) an award of reasonable attorneys' fees and costs; and (m) such other and further relief that the Court deems reasonable and just.

### B.   Defendant's Statement

Defendant's position is that no damages are appropriate in this case. If liability is found, damages will be calculated based on the provisions of the TCPA. Declaratory, injunctive, or equitable relief will not be appropriate under any circumstance.

**12.   Settlement and ADR**

The Parties have not had any discussions regarding potential resolution of this matter. Plaintiff is open to continuing to discuss potential resolution at a settlement conference to be presided over by the Court or a private mediator. Defendant intends to engage in good faith settlement discussions.

### 13.   Consent to Magistrate Judge For All Purposes

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   ____ YES   _X_ NO

**14.   Other References**

The parties do not believe that the case is suitable for other reference at this time.

**15.   Narrowing of Issues**

The Parties have no narrowed issues to report at this time, but have agreed to continue to meet and confer on an ongoing basis to determine if the issues in this case can be narrowed through stipulation or otherwise.

**16.   Expedited Trial Procedure**

The Parties do not believe that this case is susceptible to an expedited schedule.

**17.   Scheduling**

Defendant's position is that no discovery should be taken prior to a decision from this Court denying in whole or in part Defendant's pending motion to dismiss, especially in light of the

dismissal of the original complaint in the related *Duguid* action. *See, e.g., Gerritsen*, 2015 WL 4570081, at *2 ("Under controlling Ninth Circuit precedent, the court lacks discretion to permit . . . discovery until defendants answer or [the court] has determined that [plaintiff] has stated plausible claims for relief by denying a Rule 12(b)(6) motion."); *Mujica*, 771 F.3d at 593 (9th Cir. 2014) ("The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it."). Plaintiff believes that discovery should proceed now, as it will ensure that the Parties litigate efficiently, Defendant has not argued that it will be harmed if discovery proceed, and it, at the very least, will allow Plaintiff to provide more detailed allegations if Defendant's motion to dismiss is granted with leave to amend. *San Francisco Tech. v. Kraco Enterprises LLC*, No. 5:11-cv-00355, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011) (denying request for protective order staying discovery pending potentially dispositive motion because "the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery . . . In fact, district courts tend to look unfavorably upon such blanket stays.").

| EVENT | PLAINTIFF'S PROPOSED DEADLINE | DEFENDANT'S PROPOSED DEADLINE |
|---|---|---|
| *Deadline to Exchange Rule 26(a)(1) Initial Disclosures* | November 9, 2016 | 30 days after a decision denying Defendants' motion to dismiss |
| *Deadline to Amend Pleadings and Add Parties Without Leave of the Court* | November 25, 2016 | Defendant's position is that no further amendment should be allowed |
| *Deadline to Complete Fact Discovery (Both Class and Merits)* | March 27, 2017 | **Class certification discovery cutoff**: 6 months after a decision denying Defendants' motion to dismiss<br><br>**Fact discovery cutoff**: 4 months after a ruling on class certification |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Class Certification* | April 26, 2017 | 1 month after the class certification discovery cutoff |
| *Defendant's Deadline to Disclose Expert Witnesses Relating to Class Certification* | May 26, 2017 | 1 month after Plaintiff's designation of expert witnesses relating to class certification |

| | | |
|---|---|---|
| *Deadline for Completion of Expert Discovery Relating to Class Certification* | June 26, 2017 | 1 month after Defendant's designation of expert witnesses relating to class certification |
| *Plaintiff's Deadline to File a Motion for Class Certification* | July 26, 2017 | 1 month after Defendant's designation of expert witnesses relating to class certification |
| *Defendant's Deadline to File an Opposition to Plaintiff's Motion for Class Certification* | August 28, 2017 | 1 month after Plaintiff files a motion for class certification |
| *Plaintiff's Deadline to File a Reply in Support of Class Certification* | September 18, 2017 | 15 days after Defendant files its opposition to Plaintiff's motion for class certification |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification | 1 month after the close of fact discovery |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification | 1 month after Plaintiff's designation of experts |
| *Deadline for Completion of Expert Discovery Relating to the Merits* | Twelve (12) weeks following the Court's Order on class certification | 1 month after Defendant's designation of experts |
| *Deadline to File Dispositive Motions* | Sixteen (16) weeks following the Court's Order on class certification | 1 month after the close of expert discovery |
| *Hearing on Dispositive Motions* | TBD | TBD |
| *Pretrial Conference* | TBD | TBD |
| *Trial* | TBD | TBD |

**18.   Trial**

Plaintiff requested a jury trial in this matter. If this case proceeds to trial, Plaintiff anticipates it will last five (5) days. Defendant anticipates a total of two days for trial of Plaintiff's individual claim or seven days if the case is to be tried as a class.

**19.   Disclosure of Non-party Interested Entities or Persons**

Defendant has filed a "Certification of Interested Entities or Persons."

1

**20.**   **Professional Conduct**

2

All attorneys in this action have reviewed the Guidelines for Professional Conduct for the

3

Northern District of California.

4

**20.**   **Other**

5

The Parties have not identified any other matters that may facilitate the just, speedy and

6

inexpensive disposition of this matter.

7

8

DATED:  October 12, 2016

9

/s/ Courtney C. Booth                              /s/ Andrew B. Clubok

10

Stewart Pollock (SBN 301356)              Andrew B. Clubok (*pro hac vice*)

11

spollock@edelson.com                           KIRKLAND & ELLIS LLP
Edelson PC                                           601 Lexington Avenue

12

123 Townsend Street, Suite 100           New York, NY  10022
San Francisco, California 94107           Tel: (212) 446-4800

13

Tel: 415.212.9300                                Fax: (212) 446-6460
Fax: 415.373.9495                               Email:  andrew.clubok@kirkland.com

14

15

Benjamin H. Richman (Admitted *Pro Hac Vice*)   Susan E. Engel (*pro hac vice*)
brichman@edelson.com                          Devin S. Anderson (*pro hac vice*)

16

Courtney C. Booth (Admitted *Pro Hac Vice*)   KIRKLAND & ELLIS LLP
cbooth@edelson.com                             655 Fifteenth Street, NW

17

EDELSON PC                                         Washington, DC 20005

18

350 North LaSalle Street, 13th Floor      Tel: (202) 879-5000
Chicago, Illinois 60654                         Fax: (202) 879-5200

19

Tel: 312.589.6370                                Email: susan.engel@kirkland.com
Fax: 312.589.6378                                          devin.anderson@kirkland.com

20

*Attorneys for Plaintiff*                        Elizabeth L. Deeley (SBN 230798)

21

*Christine Holt*                                   KIRKLAND & ELLIS LLP

22

555 California Street
San Francisco, CA 94104

23

Tel: (415) 439-1400
Fax: (415) 439-1500

24

Email:  elizabeth.deeley@kirkland.com

25

*Attorneys for Defendant*

26

*Facebook, Inc.*

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ATTESTATION PURSUANT TO CIVIL L.R. 5-1(I)(3)</u>**

I, Courtney C. Booth, am the ECF User whose ID and password are being used to file this document.  I hereby attest that concurrence in the filing of this document has been obtained from the signatories.

DATED: October 12, 2016                                   */s/* Courtney C. Booth_____

1

## CERTIFICATE OF SERVICE

2

3

     I, Courtney C. Booth, an attorney, hereby certify that on October 12, 2016, I caused to be served the above and foregoing ***Joint Case Management Statement*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system, on this the 12th day of October, 2016.

4

5

                    /s/ Courtney C. Booth     

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28